Beth Findsen, AZ #023205
PRICE LAW GROUP, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5575
F: 818-600-5475
beth@pricelawgroup.com
*Attorneys for Plaintiff*
*Betty Jo Lopez & Guillermo Isidoro*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Jo Lopez and Guillermo Isidoro,<br><br>Plaintiffs,<br><br>vs.<br><br>Autonation, Inc., and Nissan Motor Acceptance Corporation, And Protective Asset Protection<br>Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **15 U.S.C. § 2301 *et seq*.**<br>2. **Breach of Warranty (A.R.S. § 47 et seq.)**<br>3. **Fraudulent Misrepresentation**<br>4. **Negligent Misrepresentation** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Betty Jo Lopez ("Ms. Lopez") and Guillermo Isidoro ("Mr. Isidoro") (collectively "Plaintiffs"), through their attorneys, bring this Complaint and Demand for Jury Trial ("Complaint") against AutoNation, Inc. ("AutoNation"), Nissan Motor Acceptance Corporation ("NMAC"), and Protective Asset Protection ("Protective") (collectively "Defendants"). Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

//

-1-

COMPLAINT AND DEMAND FOR JURY TRIAL

**INTRODUCTION**

1.     Plaintiffs' first cause of action is based upon the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq*. The MMWA is a federal statute which dictates minimum acceptable standards for express warranties on products costing in excess of ten dollars. In relevant part, and among other things, the MMWA requires a product warrantor to provide a remedy for a warranted product's defense, to do so at no cost to the consumer, and to do so within a reasonable period of time.

2.     Plaintiffs' second cause of action is based upon the Defendants' breach of express warranty, as defined by the Uniform Commercial Code, adopted by Arizona at A.R.S. § 47 *et seq*.

3.     Plaintiffs' third cause of action is based upon Defendant AutoNation's and NMAC's  fraudulent misrepresentation regarding the condition of a 2015 Nissan NV vehicle and the agreed upon express warranty.

4.     Plaintiffs' fourth cause of action is based upon Defendant AutoNation's and NMAC's negligent misrepresentation regarding the condition of a 2015 Nissan NV vehicle and the agreed upon express warranty.

**JURISDICTION AND VENUE**

5.     The District Court has diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332 in that the parties to the suit are diverse and the amount in controversy exceeds the sum of $75,00.00.

6.     The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 in that at least one of the Plaintiffs claims arises as a private right of action created under a federal statute, specifically the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq*.

7.     The District Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367 in that acts and omissions which implicate the state and common law claims constitute the same case or controversy as Plaintiffs' claims under the MMWA.

8.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

-2-

1

2

9.      Defendant transacts business in this district, as such personal jurisdiction is established.

## **PARTIES**

3

4

10.      Plaintiff Betty Jo Lopez is a natural person residing in Maricopa county, Arizona.

5

6

11.      Plaintiff Guillermo Isidoro is a natural person residing in Maricopa county, Arizona.

7

8

9

12.      Defendant AutoNation, Inc. is a national vehicle dealership incorporated in the state of Delaware with its corporate headquarters located at 200 SW 1st Avenue Fort Lauderdale, Florida 33301.

10

11

12

13

14

13.      Defendant Nissan Motor Acceptance Group is a wholly own subsidiary of Nissan North America, Inc. which is incorporated in the state of California with its principle executive offices located at 990 W 190th St., Torrance, California 90502. NMAC is a captive finance company established to support the vehicle sales of Nissan North America, Inc. NMAC provides financing for Nissan vehicles.

15

16

17

18

19

20

21

22

14.      Defendant Protective Asset Protection, also known as "Asset Protection Division," is a business segment of Protective Life Corporation. According to their website, Protective Life Corporation "Protective Life Corporation has been providing F&I solutions for the automotive industry since 1962…" serving "…dealerships in the automotive, RV, powersports and marine industries…" *About Us*, Protective Asset Protection,   https://www.protectiveassetprotection.com/Our-Company/About-Us   (last visited Jan. 30, 2020). Protective Life Corporation is incorporated in the State of Delaware with its principle executive offices located at 2801 Highway 280 South Birmingham, Alabama 35223.

23

## **FACTUAL ALLEGATIONS**

24

25

26

15.      On or about August 21, 2015, Plaintiffs purchased a 2015 Nissan NV (VIN# 5BZAF0AA8FN850027) ("Vehicle") from Defendant AutoNation.

27

28

16.      Plaintiffs financed the Vehicle with a loan from Defendant NMAC obtained

COMPLAINT AND DEMAND FOR JURY TRIAL

through Defendant AutoNation.

17.     The Nissan NV model is an oversized passenger van capable of transporting twelve people.

18.     Plaintiffs specifically purchased the Nissan NV model due to their need to transport the large number of children that plaintiffs foster.

19.     It was important to Plaintiffs that the Vehicle be equipped with a functioning air condition system ("AC") due to the fact that they transport foster children in the Phoenix metro area where a vehicle without functioning AC can be a health hazard to children.

20.     At the time of the sale, AutoNation represented to Plaintiffs that the Vehicle was equipped with a functioning air conditioning system ("AC").

21.     AutoNation's sales agent sold Plaintiffs the following warranty coverage products:

      a.   DentGuard Paintless Dent Repair Service Agreement

      b.   PermaPlate Appearance And/Or Windshield Protection Product Guarantee

      c.   AutoNation Tire & Wheel Protection/Roadside Assistance Service Contract

      d.   AutoNation Theft Protection Program Limited Warranty Agreement

22.     AutoNation also sold Plaintiffs a 60 month/999,000 mile Vehicle Increased Protection Plan "Gold" (the "Warranty").

23.     Defendant Protective provided the Warranty product sold by AutoNation, and the Warranty was financed through the NMAC loan.

24.     The Warranty expressly set forth the list of components and systems covered. Included in this list was "18. Air Conditioning: Receiver-dryer/accumulator; air ducts; expansion valve/orifice tube; suction throttling/POA valve and tube air conditioning control panel and control module; seals and gaskets."

25.     AutoNation's sales agent heavily impressed upon Plaintiff Betty Jo Lopez that the Warranty, which would add approximately $200 to her monthly payment, would have the effect of allowing her to bring the vehicle to the service station and receive free

repairs on any covered item.

26.    Plaintiffs relied upon the representations made by AutoNation's sales agent and purchased the Warranty, under the fully justified impression that AutoNation and Protective would honor the terms of the Warranty.

27.    Upon information and belief, NMAC complied with 16 CFR § 433.2 by including either of the following notices in its financing contract with Plaintiff:

a.  NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER

b.  NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

28.    In or around May 2016, The Vehicle's air condition system began to malfunction. Specifically, the air vents in the rear of the van would not blow cold air.

29.    Plaintiffs took the Vehicle to an AutoNation service location where she was charged $100 to "charge" the air conditioning system.

30.    The Vehicle's air condition system continued to malfunction.

31.    Throughout the next three years, Plaintiffs attempted multiple times to have AutoNation fix the AC.

COMPLAINT AND DEMAND FOR JURY TRIAL

32.     Each time, AutoNation charged Plaintiff's $100.00 to "charge" the air conditioning system.

33.     Each time, the purported "fix" did not cure the air condition system's malfunction and the Vehicle's rear vents blow warm air almost immediately after Plaintiffs took the Vehicle from AutoNation.

34.     On or about January 9, 2019, Plaintiffs took the Vehicle into AutoNation with the same complaint: The Vehicle's air conditioning system was blowing warm air out of the back vents.

35.     During this visit, Plaintiff Betty Jo Lopez was told by AutoNation agents "Blake" and "Ian" that it would cost her $1,000.00 to fix the air conditioning system, and that the Warranty would not cover the expense.

36.     After spending nearly three years attempting to allow AutoNation and Protective to honor the Warranty, Plaintiffs were forced to resort to legal action.

37.     On or about August 21, 2019, Plaintiffs, through counsel, sent via certified mail a letter to Defendant AutoNation detailing the above allegations and including an offer of settlement.

38.     Defendant AutoNation declined to respond to Plaintiffs' settlement offer, constituting a refusal to accept such pursuant to Plaintiffs' letter.

39.     As a result of Defendants actions, Plaintiffs have suffered actual damages in the form of lost vehicle value, lost vehicle usability, AutoNation repair charges for the air condition system that should have been covered under the warranty, and monies utilized to retain counsel in an attempt to settle without the need for judicial intervention.

40.     Furthermore, Plaintiffs have suffered emotional damages in the form of mental pain and anguish, frustration, worry, headaches, distraction, and sleepless nights due to being defrauded into purchasing an expensive warranty that Defendants refused to honor.

COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I: Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq
## AutoNation, NMAC, & Protective

41.    Plaintiff's incorporate the foregoing paragraphs as if fully set forth herein.

42.    "The Magnuson-Moss Warranty Act creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty: '[A] consumer who is dam-aged by the failure of a . . . warrantor . . . to comply with any obligation . . . under a written warranty . . . may bring suit for damages and other legal and equitable relief . . . in an appropriate district court of the United States . . . .'" *Milicevic v. Fletcher Jones Imps., Ltd*., 402 F.3d 912, 917 (9th Cir. 2005) (quoting 15 U.S.C. § 2310(d)(1)(B)).

43.    "As defined in the Magnuson-Moss Warranty Act, a **written warranty** is a writing made by the supplier of a product relating to the nature of the material or workmanship of the product, which warranty promises that the product is defect free or will meet a certain level of performance for a given period of time, or **a writing in which the supplier agrees to refund, repair, replace, or take other remedial action in the event that the product fails to meet its specifications**. *Id.* at 919 (citing 15 U.S.C. § 2301(6)) (emphasis added).

44.    Defendants AutoNation and Protective provided to Plaintiffs a written warranty which expressly covered the air conditioning system.

45.    Defendants AutoNation and Protective violated the MMWA by repeatedly failing to comply with their obligations under the written warranty. Specifically by charging Plaintiffs $100.00 a visit to "charge" the air condition system, which was under the Warranty.

46.    As a result of their violations, Defendants are liable to Plaintiff for "damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1).

47.    Furthermore, Defendants are liable for Plaintiff's reasonable attorney's fees. *Milicevic,* 402 F.3d at 919 ("[T]he Magnuson-Moss Warranty Act gives courts discretion to award "reasonable" attorneys' fees "based on actual time expended.") (citing 15 U.S.C. § 2310(d)(2)).

-7-

48.   NMAC's compliance with 16 CFR § 433.2 ("the Holder Rule") by including the appropriate contract language in its financial agreement renders NMAC liable to Plaintiffs for all claims asserted against AutoNation.

### COUNT II: Breach of Express Warranty (A.R.S. § 47 et seq.)
### AutoNation, NMAC, & Protective

49.   Plaintiff's incorporate the foregoing paragraphs as if fully set forth herein.

50.   In Arizona, "[a]n express warranty is created if four elements are met: (1) any affirmation of fact; (2) made by the seller to the buyer; (3) which relates to goods; and (4) becomes part of the basis of the bargain. *Raatz v. Dealer Trade Inc*., 261 F. Supp. 3d 997, 1000 (D. Ariz. 2017) (citing A.R.S. § 47-2313).

51.   Defendants AutoNation and Protective, through the written agreement, made an affirmation guaranteeing repair of the air conditions system to Plaintiffs. Plaintiffs relied upon this affirmation in making the decision to pay consideration for the warranty product.

52.   Defendants AutoNation and Protective violated the express warranty by repeatedly failing to comply with their obligations clearly set out by the warranty agreement.

53.   As a result of their violations, Defendants AutoNation and Protective are liable to Plaintiffs for actual, incidental, and consequential damages. *Id.* at 1002 ("[T]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. In a proper case any incidental and consequential damages under § 47-2715 may also be recovered.") (citing A.R.S. § 47-2714).

54.   Under Arizona law, "[i]n any contested action arising out of a contract, […] the court may award the successful party reasonable attorney's fees." A.R.S. § 12-341.01. "Successful" is defined under the statute to include a party who extends a written settlement offer that is rejected and who obtains a final judgment that is equal or more

favorable than the original written offer. *Id*.

55.     In the event that Plaintiffs obtain a final judgment regarding breach of warranty equal or more favorable than the settlement offered in their Defendant AutoNation is liable for Plaintiffs reasonable attorney's fees due to its failure to respond to Plaintiff's August 21, 2019 offer of settlement.

56.     NMAC's compliance with 16 CFR § 433.2 ("the Holder Rule") by including the appropriate contract language in its financial agreement renders NMAC liable to Plaintiffs for all claims asserted against AutoNation.

## COUNT III: Fraudulent Misrepresentation
## AutoNation & NMAC

57.     Plaintiff's incorporate the foregoing paragraphs as if fully set forth herein.

58.     "Under Arizona law, fraudulent misrepresentation requires a showing of "a false material representation made with the speaker's knowledge of its falsity or ignorance of its truth and with the intent that it be acted upon by the listener; the listener's ignorance of its falsity, reliance on its truth, and the right to rely on its truth; and consequent and proximate injury." *East v. Symphonic Distribution*, No. CV-19-02207-PHX-JJT, 2019 U.S. Dist. LEXIS 71286, at *2 (D. Ariz. Apr. 26, 2019) (quoting *Dillon v. Zeneca Corp.*, 202 Ariz. 167, 42 P.3d 598, 603 (Ariz. Ct. App. 2002) (citing *Davis v. First Nat'l Bank of Arizona*, 124 Ariz. 458, 605 P.2d 37 (Ariz. Ct. App. 1979))).

59.     Defendant AutoNation made false material representations to Plaintiffs regarding the condition of the Vehicle's air conditioning system.

60.     Defendant AutoNation made false material representations to Plaintiffs regarding the terms of the express warranty product.

61.     Upon information and belief, Defendant AutoNation had either knowledge of the falsity, or ignorance of the truth, in making these false representations to Plaintiffs.

62.     Defendant AutoNation made these false representations to Plaintiffs with the intent that Plaintiffs purchase both the Vehicle and the warranty product.

63.     Plaintiffs had no knowledge of the falsity of Defendant AutoNation's misrepresentations.

COMPLAINT AND DEMAND FOR JURY TRIAL

64.     Plaintiffs had the right to rely upon Defendant AutoNation's representations during the course of negotiation for the purchase of the Vehicle and warranty product, and in fact did rely upon Defendant AutoNation's false representations in deciding to purchase both the Vehicle and the warranty product.

65.     As a result of Defendant AutoNation's intentional false representation Plaintiffs have been injured as described in Plaintiff's Factual Allegations above.

66.     Under Arizona law, "[i]n any contested action arising out of a contract, […] the court may award the successful party reasonable attorney's fees." A.R.S. § 12-341.01. "Successful" is defined under the statute to include a party who extends a written settlement offer that is rejected and who obtains a final judgment that is equal or more favorable than the original written offer. Id.

67.     In the event that Plaintiff's obtain a final judgment regarding fraudulent misrepresentation regarding the contract equal or more favorable than the settlement offered in their Defendant AutoNation is liable for Plaintiffs reasonable attorney's fees due to their failure to respond to Plaintiff's August 21, 2019 offer of settlement.

68.     NMAC's compliance with 16 CFR § 433.2 ("the Holder Rule") by including the appropriate contract language in its financial agreement renders NMAC liable to Plaintiffs for all claims asserted against AutoNation.

### COUNT IV: Negligent Misrepresentation
### AutoNation & NMAC

69.     Plaintiff's incorporate the foregoing paragraphs as if fully set forth herein.

70.     "Negligent misrepresentation, as recognized by Arizona law, arises when a party fails to exercise reasonable care and, 'in the course of . . . [a] transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions,' and the recipient justifiably relies on the information to its detriment." *East v. Symphonic Distribution*, No. CV-19-02207-PHX-JJT, 2019 U.S. Dist. LEXIS 71286, at *2-3 (D. Ariz. Apr. 26, 2019) (quoting *Haisch v. Allstate Ins. Co.*, 197 Ariz. 606, 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (quoting Restatement (second) of Torts

COMPLAINT AND DEMAND FOR JURY TRIAL

§ 552(1), cmt. b (1977))).

71.     In the course of the sale and financing of the Vehicle, Defendant AutoNation falsely represented the vehicle's condition to Plaintiffs.

72.     Defendant AutoNation further falsely represented their intent to honor the bargained for express warranty.

73.     Defendants AutoNation intended for, or could reasonably foresee, that Plaintiffs would rely on its pre-sale representations.

74.     Defendant AutoNation failed to exercise reasonable care in obtaining or communicating accurate information in connection with the sale and financing of the Vehicle to Plaintiffs.

75.     Plaintiffs relied on the incorrect and incomplete information Defendant AutoNation provided in the course of the sale of the Vehicle.

76.     Plaintiffs' reliance on the information Defendant AutoNation's provided to them was justified.

77.     Plaintiffs' justified reliance on the incomplete and incorrect information from Defendant AutoNation caused him harm.

78.     For the harm caused by Defendant AutoNation in connection with the sale and financing of the Vehicle, Plaintiffs are entitled to recover economic and non-economic damages in an amount to be determined at trial caused by their justified reliance on the incorrect and incomplete information Defendant AutoNation gave to Plaintiffs.

79.     Under Arizona law, "[i]n any contested action arising out of a contract, […] the court may award the successful party reasonable attorney's fees." A.R.S. § 12-341.01. "Successful" is defined under the statute to include a party who extends a written settlement offer that is rejected and who obtains a final judgment that is equal or more favorable than the original written offer. Id.

80.     In the event that Plaintiff's obtain a final judgment regarding negligent misrepresentation regarding the contract equal or more favorable than the settlement offered in their Defendant AutoNation is liable for Plaintiffs reasonable attorney's fees

COMPLAINT AND DEMAND FOR JURY TRIAL

due to their failure to respond to Plaintiff's August 21, 2019 offer of settlement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Betty Jo Lopez and Guillermo Isido, pray that this Court enter Judgment in their favor and against Defendants AutoNation, Inc. and Nissan Motor Acceptance Corporation, as follows:

a. An award of actual damages including any compensatory, incidental, or consequential damages commensurate with proof at trial for the acts complained of herein; and

b. Equitable relief finding that the purchase contract was rendered voidable;

c. For pre- and post-judgment interest on any amounts awarded herein at the maximum lawful rate from the date of its rendition until paid in full; and,

d. For costs, interest and actual reasonable attorneys' fees pursuant to 15U.S.C.§ 2310(d)(2) and A.R.S. § 12-341.01; and

e. Any and all equitable relief and such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED this 31st day of January, 2020.

/s/ *Beth Findsen*
Beth Findsen, AZ #023205
PRICE LAW GROUP, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5575
F: 818-600-5475
beth@pricelawgroup.com
*Attorneys for Plaintiff*
*Betty Jo Lopez and Guillermo Isidoro*

-12-

COMPLAINT AND DEMAND FOR JURY TRIAL